## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PROGRESSIVE HEALTH AND REHAB CORP., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | **CLASS ACTION** |
| RICCA GROUP, INC. d/b/a MEDSURVEY, INC., | ) ) ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, PROGRESSIVE HEALTH AND REHAB CORP. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, RICCA GROUP, INC. d/b/a MEDSURVEY, INC. ("Defendant"):

## PRELIMINARY STATEMENT

1.      This case challenges Defendant's practice of sending unsolicited advertisements via facsimile.

2.      The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 (hereafter "TCPA" or the "Act"), and the regulations promulgated under the Act, prohibit a person or entity from sending fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      On or about April 19, 2018, June 29, 2018, July 5, 2018, July 13, 2018, and July 18, 2018, Defendant sent Plaintiff five unsolicited fax advertisements in violation of the TCPA (the "Fax"), true and correct copies of which is attached hereto as <u>Group Exhibit A</u>, and made a part hereof.

4.      The Faxes seek participation in online surveys.  Participants that qualify and complete the surveys will be compensated for their time.  *See* Group Exhibit A.

5.      Plaintiff alleges on information and belief that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the TCPA, including but not limited to the advertisements sent to Plaintiff

6.      Defendant's unsolicited faxes have damaged Plaintiff and the class in that a junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax intrudes into the recipient's seclusion and violates the recipient's right to privacy. Unsolicited faxes occupy fax lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

7.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA. Plaintiff seeks to certify a class which were sent the Faxes and other unsolicited fax advertisements that were sent without prior express invitation or permission and without compliant opt-out language (to the extent the affirmative defense of "established business relationship" is alleged). Plaintiff seeks statutory damages for each violation of the TCPA and injunctive relief.

8.      Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the TCPA. This action seeks relief expressly authorized by the TCPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with it, from sending unsolicited advertisements in violation of the TCPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act in the event the Court determines any TCPA violations were willful or knowing

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

10.     This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located within this judicial district.

## PARTIES

11.     Plaintiff, PROGRESSIVE HEALTH AND REHAB CORP, is an Ohio corporation.

12.     Defendant, RICCA GROUP, INC., is a Pennsylvania corporation with its principal place of business located in Southampton, PA.  MEDSURVEY, INC. is a registered fictitious name of Ricca Group, Inc.

## FACTS

16.     On information and belief, Defendant is a medical market research company that helps organizations conduct market research surveys with knowledgeable healthcare professionals and patients. (*See* www.medsurvey.com – last visited 9/14/20)

17.     On information and belief, Defendant conducts surveys on behalf of its clients to gather data for their clients' marketing, sales, and research needs.  Defendant receives payment for providing this information to its clients.

18.     On or about April 19, 2018, June 29, 2018, July 5, 2018, July 13, 2018, and July 18, 2018, Defendant sent five unsolicited facsimiles survey requests to Plaintiff using a telephone facsimile machine, computer, or other device.  *See* Group Exhibit A.

19.     The April 19, 2018 Fax states in part the following:

**MedSurvey, a market research data collection company,** is inviting **Physiotherapists and Occupational therapists to a Long-term Care facility or Home Care Setting** to participate in a **25-minute** internet survey about **Ceiling Lifts**.

If you qualify and compete the survey, you will receive **$30** for your time.

The June 29, 2018, July 5, 2018, and July 13, 2018, Faxes state in part the following:

**MedSurvey, a market research data collection company,** is inviting you to participate in a 20-minute online survey regarding **Medical Equipment.**

**Particpants that successfully qualify and complete the 10-minute online survey will receive $20 for their time.**

The July 18, 2018 Fax states in part the following:

**MedSurvey, a market research data collection company,** is inviting you to participate in a 10-minute online survey regarding **Medical Equipment.**

**Particpants that successfully qualify and complete the 10-minute online survey will receive $75 for their time.**

(Group Exhibit A)

20.     The Faxes are invitations to participate in Defendant's market research surveys of Ceiling Lifts and/or Medical Equipment in exchange for a specified dollar amount payment. *See* Group Exhibit A.

21.     The Faxes are offers by Defendant to "buy" a service from Plaintiff and the putative Class (survey participation), and Defendant then uses this data for the benefit of its clients.  These clients, in turn, pay Defendant for these benefits.  On this basis, the Faxes are advertisements under the TCPA and the regulations implementing the TCPA.

22.     Defendant created or made the Faxes, or directed a third party to do so, and the Fax was sent by or on behalf of Defendant with Defendant's knowledge and authorization.

23.     Plaintiff did not give Defendant "prior express invitation or permission" to send the Faxes.

24.     On information and belief, Defendant faxed to at least forty recipients the same and other unsolicited facsimile advertisements without prior express invitation or permission, and without the required opt-out language, thereby precluding the affirmative defense of established business relationship.

25.     There are no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

26.     Defendant's facsimiles attached as Group Exhibit A do not display a compliant opt-out notice as required by 47 C.F.R. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

## CLASS ACTION ALLEGATIONS

27.     In accordance with Fed. R. Civ. P. 23(b)(3), Plaintiff brings this class action pursuant to the TCPA, on behalf of the following class of persons:

All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, or (4) with whom Defendant did not have an established business relationship, and (5) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4).

Excluded from the Class are Defendant, its officers, directors, shareholders, employees and agents, and members of the Judiciary. Plaintiff seeks to certify a class that includes but is not limited to the fax advertisements sent to Plaintiff. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

28.     Class Size (Fed. R. Civ. P. 23(a)(1)): Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the proposed Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

29.     Commonality (Fed. R. Civ. P. 23(a)(2)):   Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

(a)     Whether the Faxes and other faxes sent during the class period constitute advertisements under the TCPA and its implementing regulations;

(b)     Whether Defendant meet the definition of "sender" for direct TCPA liability, meaning a "person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement," 47 C.F.R. § 64.1200(f)(10;

(c)     Whether Defendant had prior express invitation or permission to send Plaintiff and the class fax advertisements;

(d)    Whether the Faxes contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(e)    Whether Defendant should be enjoined from faxing advertisements in the future;

(f)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Group Exhibit A or other fax advertisements;

(g)    Whether Defendant should be enjoined from sending fax advertisements in the future;

(h)    Whether Plaintiff and the other members of the class are entitled to statutory damages; and

(i)    Whether the Court should award treble damages.

30.    Typicality (Fed. R. Civ. P. 23(a)(3)):  Plaintiff's claims are typical of the claims of all class members. Plaintiff received the same or other faxes as the faxes sent by or on behalf of Defendant advertising the commercially availability and/or quality of property, goods or services of Defendant during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. Defendant has acted in the same or in a similar manner with respect to Plaintiff and all the class members by sending Plaintiff and each member of the class the same or other faxes or faxes which did not contain compliant opt-out language or were sent without prior express invitation or permission.

31.    Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4)):  Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

32.   <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>:  Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a)   Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b)   Evidence regarding defenses or any exceptions to liability that Defendant may assert and attempt to prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

(c)   Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d)   The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

(e)   This case is inherently manageable as a class action in that:

(i)   Defendant identified persons to receive the fax transmissions and it is believed that Defendant's and/or Defendant's agents' computers and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii)   Liability and damages can be established for Plaintiff and the class with the same common proofs;

(iii)    Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv)    A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v)    A class action will contribute to uniformity of decisions concerning Defendant's practices; and

(vi)    As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

**Claim for Relief for Violation of the TCPA, 47 U.S.C. § 227 *et seq.***

33.    The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. § 227(b)(1)(C).

34.    The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

35.    **Opt-Out Notice Requirements.** The TCPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in section (b)(1)(C)(iii) of the Act, that senders of fax advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following, among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

A.    a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-

out gives impetus for recipients to make such a request, if desired;

      B.    a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

      C.    a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines; and

      D.    The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from section (b)(D)(ii) of the Act.  The requirement of (2) above is incorporated from section (b)(D)(ii) of the Act and the rules and regulations of the FCC in ¶ 31 of its 2006 Report and Order (*In re Rules & Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005*, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006).  The requirements of (3) above are contained in section (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via section (b)(2)(D)(ii).  Compliance with the Opt-Out Notice Requirements is neither difficult nor costly.  The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon consumers and businesses giving them the right, and means, to stop unwanted fax advertisements.

36.    **2006 FCC Report and Order.** The TCPA, in section (b)(2) of the Act, directed the FCC to implement regulations regarding the TCPA, including the TCPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides

among other things:

      A.      The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under section (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

      B.      The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under section (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);

      C.      The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under section (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34).

37.    **The Faxes**. Defendant sent the Faxes on or about April 19, 2018, June 29, 2018, July 5, 2018, July 13, 2018, and July 18, 2018, via facsimile transmission from a telephone facsimile machine, computer, or other device to the telephone number and telephone facsimile machines of Plaintiff and members of the Class. The Faxes constituted advertisements under the Act and the regulations implementing the Act. Defendant failed to comply with the Opt-Out Notice Requirements in connection with the Faxes. The Faxes were transmitted to persons or entities without their prior express invitation or permission and/or Defendant is precluded from

sustaining the established business relationship safe harbor with Plaintiff and other members of the class, because, *inter alia*, of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the TCPA and the regulations promulgated thereunder by sending the Faxes via facsimile transmission to Plaintiff and members of the Class.  Plaintiff seeks to certify a class which includes these Faxes and all others sent during the four years prior to the filing of this case through the present.

38.    **Defendant's Other Violations.**  Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines faxes other than Group Exhibit A that constitute advertisements under the TCPA that were transmitted to persons or entities without their prior express invitation or permission (and/or that Defendant is precluded from sustaining the established business relationship safe harbor due to its failure to comply with the Opt-Out Notice Requirements). By virtue thereof, Defendant violated the TCPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant may be continuing to send unsolicited advertisements via facsimile transmission in violation of the TCPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

39.    The TCPA provides a private right of action to bring this action on behalf of Plaintiff and Plaintiff Class to redress Defendant's violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

40. The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

41. Defendant knew or should have known that (a) Plaintiff and the other class members had not given prior express invitation or permission for Defendant or anybody else to fax advertisements about the availability or quality of Defendant's property, goods, or services to be bought or sold; (b) Plaintiff and the other class members did not have an established business relationship; (c) Defendant transmitted advertisements; and (d) the Fax did not contain the required Opt-Out Notice.

42. Defendant's actions caused injury to Plaintiff and the other class members. Receiving Defendant's junk faxes caused Plaintiff and other recipients to lose paper and toner consumed in the printing of Defendant's faxes. Defendant's faxes occupied Plaintiff's and class members' telephone lines and fax machines. Defendant's faxes cost Plaintiff and class members' time, as Plaintiff and its employees, as well as other class members and their employees, wasted their time receiving, reviewing, and routing Defendant's unauthorized faxes. That time otherwise would have been spent on Plaintiff's and the class members' business or personal activities. Defendant's faxes intruded into Plaintiff's and other class members' seclusion and violated their right to privacy, including their interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

WHEREFORE, Plaintiff, PROGRESSIVE HEALTH AND REHAB CORP., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, RICCA GROUP, INC. d/b/a MEDSURVEY, INC., as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and that the Court award treble damages of $1,500.00 if the violations are deemed "willful or knowing";

C.     That the Court enjoin Defendant from additional violations; and

D.     That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

Respectfully submitted,

PROGRESSIVE HEALTH AND REHAB CORP.,
an Ohio corporation, individually and as the
representative of a class of similarly-situated
persons

By: s/ Brett Freeman

Brett Freeman
SABATINI FREEMAN, LLC
216 North Blakely St.
Dunmore, PA  18512
Telephone:  570-458-2008
Brett@sabatinilawfirm.com

and

Ryan M. Kelly (*pro hac vice* to be submitted)
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847-368-1500
Fax:  847-368-1501
rkelly@andersonwanca.com

*Attorneys for Plaintiff*

**GROUP EXHIBIT A**

 **Paid Survey**

Please be assured that any opinions expressed are for survey research purposes only.

**MedSurvey, a market research data collection company, is** inviting **Physiotherapists and Occupational Therapists at a** Long-Term Care facility or Home Care Setting **to participate in a** 25-minute internet survey about Ceiling Lifts.

If you qualify and complete the survey, you will receive $30 for your time.

**Website** = www.medsurvey.com/ceilinglifts
**Password** = 124641

If you experience any technical difficulties or have any questions, please call us at **888.633.7878** and a MedSurvey representative will be able to assist you.

We respect your privacy. If you do not wish to receive fax invitations at this number ( 6144715462 ), please call 888.633.7878 or write the word "remove" on this page and fax it to us using the toll-free fax number below.

1111 Street Rd.  Suite 300   Southampton, PA 18966
T: 888.633.7878 | Fax: 215.422.3311
www.medsurvey.com

 # Paid Survey

Please be assured that any opinions expressed are for survey research purposes only.

**Attention: Decision Makers**

**MedSurvey, a healthcare medical market research company, is inviting you to participate in a 20-minute online survey regarding Medical Equipment.**

**Participants that successfully qualify and complete the 10-minute online survey will receive $20 for their time.**

*If interested, please visit the web link below and enter your personal password.*

**MedSurvey Link: www.medsurvey.com/ME**

**Password: 223732**

We respect your privacy. If you do not wish to receive fax
invitations at this number (6144715462 ), please call 866.467.4222 or write the word
"remove" on this page and fax it to us using the toll-free fax number below.

1111 Street Rd. Suite 300   Southampton, PA 18966
T: 888.633.7878 | Fax: 888.633.7870
www.medsurvey.com

 **Paid Survey**

*Please be assured that any opinions expressed are for survey research purposes only.*

**Attention: Decision Makers**

**MedSurvey, a healthcare medical market research company, is inviting you to participate in a** 20-minute online survey **regarding** Medical Equipment.

**Participants that successfully qualify and complete the** 10-minute online survey **will receive** $20 **for their time.**

*If interested, please visit the web link below and enter your personal password.*

**MedSurvey Link: www.medsurvey.com/ME**

**Password: 223732**

We respect your privacy. If you do not wish to receive fax
invitations at this number (6144715462 ), please call 888-633-7878 or write the word
"remove" on this page and fax it to us using the toll-free fax number below.

1111 Street Rd.  Suite 300  Southampton, PA 18966
T: 888.633.7878 | Fax: 888.633.7870
www.medsurvey.com

07-13-2018 13:32          866-963-3001          Ricca Group dba MedSurvey                    1/1

 **MedSurvey** — **Paid Survey**

*Please be assured that any opinions expressed are for survey research purposes only.*

## Attention: Decision Makers

**MedSurvey, a healthcare medical market research company,** is inviting you to participate in a <u>20-minute online survey</u> regarding <u>Medical Equipment.</u>

**Participants that successfully qualify and complete the <u>10-minute online survey</u> will receive <u>$20</u> for their time.**

*If interested, please visit the web link below and enter your personal password.*

## MedSurvey Link: www.medsurvey.com/ME

## Password: 223732

We respect your privacy. If you do not wish to receive fax
invitations at this number (6144715462 ), please call 888-633-7878 or write the word
"remove" on this page and fax it to us using the toll-free fax number below.

1111 Street Rd. Suite 300  Southampton, PA 18966
T: 888.633.7878 | Fax: 888.633.7870
www.medsurvey.com

07-18-2018 12:11          866-963-3001          Ricca Group dba MedSurvey          1/1

 **MedSurvey**          **Paid Survey**

Please be assured that any opinions expressed are for survey research purposes only.

### Attention: Decision Makers, Managers, Directors

**MedSurvey, a healthcare medical market research company,** is inviting you to participate in a 10-minute online survey regarding Medical Equipment.

**Participants that successfully qualify and complete the 10-minute online survey will receive $75 for their time.**

*If interested, please visit the web link below and enter your personal password.*

### MedSurvey Link: www.medsurvey.com/ME

### Password: 223732

We respect your privacy. If you do not wish to receive fax invitations at this number (6144715462 ), please call 888-633-7878 or write the word "remove" on this page and fax it to us using the toll-free fax number below.

1111 Street Rd.  Suite 300   Southampton, PA 18966
T: 888.633.7878  |  Fax: 888.633.7870
www.medsurvey.com